UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVELUP HCS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>LEVELUP STAFF, INC.<br><br>     Defendant. | Civil Action No:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, LevelUP HCS, LLC (hereinafter "Plaintiff"), as and for its complaint against Defendant LevelUp Staff, Inc. (hereinafter "Defendant"), by Heslin Rothenberg Farley & Mesiti P.C., its attorneys, alleges the following:

## PARTIES

1. Plaintiff, LevelUP HCS, LLC, is a limited liability company organized and operating under the laws of Delaware with a principal office at 90 Broad Street, Ninth Floor, New York, New York 10004.

2. Upon information and belief, Defendant, LevelUp Staff, Inc., is a corporation organized and operating under the laws of New Jersey with a principal office at 243 Broadway #9188, Newark, New Jersey 07104.

## JURISDICTION AND VENUE

3. This is an action for service mark infringement and unfair competition, arising under various provisions of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for state common law unfair competition, and for service mark dilution under N.Y. Gen. Bus. Law § 360-l.

1

4. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and over the state claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendant, pursuant to N.Y. C.P.L.R. 302(a), by virtue of Defendant's transaction of business within the State of New York, commission of tortious activity (e.g., service mark infringement and unfair competition) within the State of New York, and commission of tortious activity while regularly soliciting business within the State of New York.

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because the Defendant conducts business in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district, including Defendant's advertisement and sale of goods and services in this judicial district.

## BACKGROUND

7. Plaintiff is engaged in the offer and sale of employee recruitment and placement services, consulting services for employers in the field of employee recruitment, consulting services for companies to select and hire contractors, consulting services in the field of human resources, personnel placement and recruitment, and employment counseling and recruiting.

8. Plaintiff owns the right, title and interest in U.S. Trademark Registration No. 5,281,005 for LEVELUP covering "Career placement consulting services; Providing employment counseling services" in International Class 35, and registered at the United States Patent and Trademark Office on September 5, 2017.

9. Plaintiff owns the right, title and interest in U.S. Trademark Registration No. 6,994,015 for LEVELUP covering "Employee recruitment and placement services; consulting services for employers in the field of employee recruitment; consulting services for companies in

the field of employment, namely, to select and hire contractors; consulting services in the field of human resources; personnel placement and recruitment; employment counseling and recruiting" in International Class 35, and registered at the United States Patent and Trademark Office on March 7, 2023.

10. Plaintiff owns the right, title and interest in U.S. Trademark Registration No. 6,994,016 for levelup covering "Employee recruitment and placement services; consulting services for employers in the field of employee recruitment; consulting services for companies in the field of employment, namely, to select and hire contractors; consulting services in the field of human resources; personnel placement and recruitment; employment counseling and recruiting" in International Class 35, and registered at the United States Patent and Trademark Office on March 7, 2023.

11. Plaintiff owns the right, title and interest in U.S. Trademark Registration No. 6,761,406 for LEVELUP TALENT covering "Employment and workforce employment recruitment and placement services; consulting services for employers in the field of employee, workforce and contractor recruitment; Employment staffing consulting services for companies to select and hire employees and contractors; consulting services in the field of human resources; personnel placement and recruitment; employment counseling and recruiting; career placement consulting services; employment staffing consulting services; consulting services in the field of human resources management of workforce" in International Class 35, and registered at the United States Patent and Trademark Office on June 14, 2022.

12. Plaintiff owns the right, title and interest in U.S. Trademark Registration No. 6,783,079 for LEVELUP TALENT SOLUTIONS covering "Employment and workforce employment recruitment and placement services; consulting services for employers in the field of

3

employee, workforce and contractor recruitment; Employment staffing consulting services for companies to select and hire employees and contractors; consulting services in the field of human resources; personnel placement and recruitment; employment counseling and recruiting; career placement consulting services; employment staffing consulting services; consulting services in the field of human resources management of workforce" in International Class 35, and registered at the United States Patent and Trademark Office on July 5, 2022.

13.     Plaintiff owns the right, title and interest in U.S. Trademark Registration No. 7,064,652 for LEVELUP CONSULTING GROUP covering "Consulting services in the field of staff augmentation in the nature of employment staffing" in International Class 35, "Consulting services in the field of information technology, information technology security, computer network security, computer systems security, cybersecurity, data privacy and data protection, third-party computer security risk management, web site design with regard to on-line trust and user experience, information technology project management for privacy, cybersecurity, compliance and information technology projects" in International Class 42, and "Consulting services in the field of on-line regulatory compliance in the field of global privacy standards" in International Class 45, and registered at the United States Patent and Trademark Office on May 30, 2023.

14.     The preceding marks constitute a family of LEVELUP trademarks and are collectively referred to herein as the "LevelUp Marks." Plaintiff has used the LevelUp Marks in commerce since at least as early as February 28, 2016.  Certificates of Registration covering Plaintiff's registered marks are attached hereto as **Exhibit A**.

15.     The LevelUp Marks have been and are used extensively by Plaintiff in offering its services including on its website, advertisements and promotions. The LevelUp Marks have been used in connection with substantial customer sales as well as in advertising and promotion and

function as an identifier of services originating from, sponsored by, or associated with the Plaintiff. Plaintiff and the LevelUp Marks have acquired an extensively acclaimed reputation for excellence in the provision of its services.

16. Plaintiff has spent and continues to spend large sums of money in the advertisement, promotion and sale of its services under the LevelUp Marks, and by reason of such advertising and the high quality of its services carrying such service marks, Plaintiff enjoys a valuable goodwill and an enviable reputation with respect to its service marks and, in particular, the services associated therewith.

Defendant and its Unauthorized Use of the LevelUp Marks

17. Defendant, LevelUp Staff, Inc., is a corporation formed in the State of New Jersey on October 13, 2021 offering at least employee recruitment, talent acquisition and business consulting services. As such, Plaintiff's use of the LevelUp Marks predates the existence of Defendant.

18. Defendant has offered its services to customers including employers under the name "LEVEL-UP STAFF," which is confusingly similar to the LevelUp Marks.

19. Specifically, Defendant owns and operates a website located at the URL levelupstaff.com, which indicates that they offer "recruitment services," "strategic advisory service," job board management," and "AI-powered job advertisement" services including potential employees. See:



https://levelupstaff.com/services. See also, www.levelupstaff.com.

20. Defendant's services are identical and/or confusingly similar to those covered by Plaintiff's registrations in the LevelUp Marks.

21. Upon information and belief, Defendant offers its services including recruitment and consulting services at least within the State of New York, including the area encompassed by this judicial district.

22. Defendant advertises its "LevelUp Staff" services at least through its website and social media.

23. Defendant's services are offered to the same or similar types of customers to whom Plaintiff's services are offered.

24. Defendant's use of "LEVELUP STAFF" in connection with the services described above is confusingly similar to Plaintiff's LevelUp Marks, due, in part, to the highly similar appearance, sound and connotation of the marks themselves, and due to the similarity of services and respective trade channels.

25. Defendant has used and continues to use infringing variations of the LevelUp Marks after these marks were used and registered by Plaintiff in the commercial market in which both the Defendant and Plaintiff compete.

26. On multiple occasions including July 6, 2023, August 21, 2023, October 10, 2023, and December 14, 2023, Plaintiff sent letters to Defendant demanding that it cease its use of the term LEVELUP and formations thereof. A copy of the letters is attached hereto as **Exhibit B**. Despite these multiple warnings, Defendant continues to use its infringing mark.

27. Due to the Defendant's knowledge of Plaintiff's LevelUp Marks, Defendant has had and continues to have bad faith intent to profit commercially from the LevelUp Marks.

## COUNT I – TRADEMARK INFRINGEMENT OF U.S. REG. NO. 5,821,005 UNDER 15 U.S.C. § 1114

28. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 27 as if they were stated in full herein.

29. Plaintiff owns the rights to United States Registered Trademark No. 5,821,005 for "LEVELUP".

30. Defendant has used in commerce, without Plaintiff's consent, designations which use the term "LevelUp" including LevelUp Staff, which constitute reproductions, counterfeits, copies or colorable imitations of the LevelUp Marks including the mark "LEVELUP" in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

31. Specifically, Defendant has used confusingly similar variations of the LevelUp Marks including the mark "LEVELUP" in the promotion and offering of its services including career placement and employee consulting services as well as possibly other related services.

32. Defendant's activities create a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

33. The actions of Defendant described in this Count constitute service mark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

34. The actions of Defendant described in this Count have also caused damage, and will cause future damage, to Plaintiff, for which Plaintiff should be compensated by Defendant.

## COUNT II – TRADEMARK INFRINGEMENT OF U.S. REG. NO. 6,994,015 UNDER 15 U.S.C. § 1114

35. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 34 as if they were stated in full herein.

36. Plaintiff owns the rights to United States Registered Trademark No. 6,994,015 for "LEVELUP".

37. Defendant has used in commerce, without Plaintiff's consent, designations which use the term "LevelUp" including LevelUp Staff, which constitute reproductions, counterfeits, copies or colorable imitations of the LevelUp Marks including the mark "LEVELUP" in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

38. Specifically, Defendant has used confusingly similar variations of the LevelUp Marks including the mark "LEVELUP" in the promotion and offering of its services including career placement recruitment services, job board management, and corporate recruitment and consulting services as well as possibly other related services.

39. Defendant's activities create a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

40. The actions of Defendant described in this Count constitute service mark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

41. The actions of Defendant described in this Count have also caused damage, and will cause future damage, to Plaintiff, for which Plaintiff should be compensated by Defendant.

### COUNT III – TRADEMARK INFRINGEMENT OF U.S. REG. NO. 6,994,016 UNDER 15 U.S.C. § 1114

42. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 41 as if they were stated in full herein.

43. Plaintiff owns the rights to United States Registered Trademark No. 6,994,016 for "levelüp".

44. Defendant has used in commerce, without Plaintiff's consent, designations which use the term "LevelUp" including LevelUp Staff, which constitute reproductions, counterfeits, copies or colorable imitations of the LevelUp Marks including the mark "levelüp" in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

45. Specifically, Defendant has used confusingly similar variations of the LevelUp Marks including the mark "levelüp" in the promotion and offering of its services such as

9

career placement, job management, corporate recruitment and consulting services as well as possibly other related services.

46. Defendant's activities create a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

47. The actions of Defendant described in this Count constitute service mark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

48. The actions of Defendant described in this Count have also caused damage, and will cause future damage, to Plaintiff, for which Plaintiff should be compensated by Defendant.

**COUNT IV – TRADEMARK INFRINGEMENT OF U.S. REG. NO. 6,761,406 UNDER 15 U.S.C. § 1114**

49. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 48 as if they were stated in full herein.

50. Plaintiff owns the rights to United States Registered Trademark No. 6,761,406 for "LEVELUP TALENT".

51. Defendant has used in commerce, without Plaintiff's consent, designations which use the term "LevelUp" including LevelUp Staff, which constitute reproductions, counterfeits, copies or colorable imitations of the LevelUp Marks including the mark "LEVELUP TALENT" in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

52. Specifically, Defendant has used confusingly similar variations of the LevelUp Marks including the mark "LEVELUP TALENT" in the promotion and offering of its services

such as career placement, job management, corporate recruitment and consulting services as well as possibly other related services.

53. Defendant's activities create a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

54. The actions of Defendant described in this Count constitute service mark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

55. The actions of Defendant described in this Count have also caused damage, and will cause future damage, to Plaintiff, for which Plaintiff should be compensated by Defendant.

**COUNT V – TRADEMARK INFRINGEMENT OF U.S. REG. NO. 6,783,079 UNDER 15 U.S.C. § 1114**

56. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 55 as if they were stated in full herein.

57. Plaintiff owns the rights to United States Registered Trademark No. 6,783,079 for "LEVELUP TALENT SOLUTIONS".

58. Defendant has used in commerce, without Plaintiff's consent, designations which use the term "LevelUp" including LevelUp Staff, which constitute reproductions, counterfeits, copies or colorable imitations of the LevelUp Marks including the mark "LEVELUP TALENT SOLUTIONS" in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

59. Specifically, Defendant has used confusingly similar variations of the LevelUp Marks including the mark "LEVELUP TALENT SOLUTIONS" in the promotion and offering of

11

its services such as career placement, job management, corporate recruitment and consulting services as well as possibly other related services.

60. Defendant's activities create a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

61. The actions of Defendant described in this Count constitute service mark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

62. The actions of Defendant described in this Count have also caused damage, and will cause future damage, to Plaintiff, for which Plaintiff should be compensated by Defendant.

## COUNT VI – TRADEMARK INFRINGEMENT OF U.S. REG. NO. 7,064,652 UNDER 15 U.S.C. § 1114

63. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 62 as if they were stated in full herein.

64. Plaintiff owns the rights to United States Registered Trademark No. 7,064,652 for "LEVELUP CONSULTING GROUP".

65. Defendant has used in commerce, without Plaintiff's consent, designations which use the term "LevelUp" including LevelUp Staff, which constitute reproductions, counterfeits, copies or colorable imitations of the LevelUp Marks including the mark "LEVELUP CONSULTING GROUP" in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

66. Specifically, Defendant has used confusingly similar variations of the LevelUp Marks including the mark "LEVELUP CONSULTING GROUP" in the promotion and offering of

12

its services such career placement, job management, corporate recruitment and consulting services as well as possibly other related services.

67. Defendant's activities create a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

68. The actions of Defendant described in this Count constitute service mark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

69. The actions of Defendant described in this Count have also caused damage, and will cause future damage, to Plaintiff, for which Plaintiff should be compensated by Defendant.

## COUNT VII – FALSE DESIGNATION OF ORIGIN UNDER UNDER 15 U.S.C. § 1125(a)

70. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 69 as if they were stated in full herein.

71. Defendant has, without Plaintiff's consent, on or in connection with services, used colorable imitations of the LevelUp Marks in commerce in a manner which is likely to cause confusion, to cause mistake, or to deceive as to the source, sponsorship, affiliation, connection and/or association of Defendant with Plaintiff and its services bearing the LevelUp Marks, and/or as to the origin, sponsorship, and/or approval by Plaintiff of Defendant's unauthorized services.

72. The actions of Defendant described in this Count constitute false designations of origin in violation of 15 U.S.C. § 1125(a). Defendant's acts have cause and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

13

73. The actions of Defendant described in this Count IV have also caused damage to Plaintiff for which Plaintiff should be compensated by Defendant.

## COUNT VIII – UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

74. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 73 as if they were stated in full herein.

75. Plaintiff, as a cause of action and ground for relief, alleges that Defendant is engaging in unfair competition and misappropriation in violation of the common law of the State of New York.

76. Defendant has infringed the LevelUp Marks and continues to do so by marketing and/or selling goods and/or services using colorable imitations of the LevelUp Marks.

77. Defendant's acts constitute deception, fraud, misrepresentation, or the concealment, suppression or omission of a material fact, such as that Plaintiff and Defendant are not affiliated.

78. Upon information and belief, Defendant intends to benefit from the goodwill and reputation of Plaintiff.

79. Defendant's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendant's acts are restrained by this Court, Defendant's deceptive business practices will continue, and the public will continue to suffer great and irreparable injury.

80. Defendants actions are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or as to origin, sponsorship, or affiliation of Defendant by Plaintiff.

## COUNT IX – TRADEMARK DILUTION
## UNDER N.Y. GEN. BUS. LAW § 360-l

81. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 80 as if they were stated in full herein.

82. Defendant's activities have created and continue to create a likelihood of injury to the public image and reputation of Plaintiff, and to dilute the distinctive quality of the LevelUp Marks and all rights held thereunder, in violation of the General Business Law of the State of New York.

83. By reason of the foregoing, Defendant has violated and continues to violate N.Y. Gen. Bus. Law § 360-l.

84. Such conduct on the part of Defendant had caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

85. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff LevelUp HCS, LLC prays:

a) that Defendant be found to have infringed Plaintiff's rights in the LevelUp Marks and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b) that Defendant, its officers, directors, employees, agents and affiliated entities, and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from infringing the LevelUp Marks, or any colorable imitation thereof, and from unfairly competing with Plaintiff in any manner whatsoever, and from engaging in false designation of origin in any other manner;

c) that Defendant be required to deliver up and/or to destroy any and all products and other items infringing the LevelUp Marks in its possession, as well as all labels, literature, and advertisements bearing the LevelUp Marks, together with any means for producing the same;

d) that Defendant be ordered to pay damages to Plaintiff adequate to compensate Plaintiff for the actions described in this Complaint, that such damages be trebled, and that Defendant be ordered to pay Plaintiff's costs in bringing this action, including prejudgment and post-judgment interest, and that Defendant be ordered to pay Plaintiff's reasonable attorneys' fees; and

e) that Plaintiff have any such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 17, 2024        Respectfully submitted,

**s/Thomas L. Sica**
Nicholas Mesiti, Esq.
Thomas L. Sica, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203
Telephone: (518) 452-5600
Facsimile: (518) 452-5579
Email: nick.mesiti@hrfmlaw.com
Email: thomas.sica@hrfmlaw.com

*Attorneys for Plaintiff, LevelUp HCS, LLC*