IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVELUP HCS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LEVELUP STAFF, INC.<br><br>        Defendant. | Civil Action No.: 1:24-cv-07045-NRB |

**CONSENT JUDGMENT ORDER AND INJUNCTION**

Plaintiff, LevelUP HCS, LLC (hereinafter "Plaintiff") a Delaware limited liability company filed a Complaint against Defendant, LevelUp Staff, Inc. ("Defendant") in the above captioned matter alleging trademark infringement, false designation of origin and related statutory and common law claims, as further set forth in the Complaint.

The parties agree that Plaintiff owns the rights to United States Trademark Reg. No. 5,821,005 for "LEVELUP", United States Trademark Reg. No. 6,994,015 for "LEVELUP", United States Trademark Reg. No. 6,994,016 for "levelup", United States Trademark Reg. No. 6,761,406 for "LEVELUP TALENT", United States Trademark Reg. No. 6,783,079 for "LEVELUP TALENT SOLUTIONS" and United States Trademark Reg. No. 7,064,652 for "LEVELUP CONSULTING GROUP" as well as common law rights to the trademark LEVELUP ( collectively the "LEVELUP trademarks").

(1)

WHEREAS, the parties have resolved all outstanding matters between them; and the parties have consented to this Consent Judgment Order and Injunction as set forth herein, therefore, it is hereby stipulated, agreed to and ordered as follows:

**IT IS STIPULATED AND ORDERED THAT:**

1. This Consent Judgment Order and Injunction ("Order") is entered against Defendant;

2. Defendant, its stockholders, officers, directors, agents, servants, employees, or affiliates thereof, representatives and attorneys, and all persons acting or attempting to act in concert or participation therewith are permanently enjoined and restrained from any and all infringing use of the LEVELUP trademarks including as further set forth herein;

3. Defendant is permanently enjoined from using any of the LEVELUP trademarks, and any confusingly similar variations and/or formatives thereof, including formatives of the designation LEVERUP and/or LEVELINGUP.

4. Defendant is permanently enjoined from using any of the LEVELUP trademarks, and any confusingly similar variations and/or formatives thereof, including formatives of the designation LEVERUP and/or LEVELINGUP, in a domain name, such as, but not limited to levelupstaff.com; in a website or webpage url, such as, but not limited to https://levelupstaff.com/; or any social media url, or any similar variation thereof. With respect to the domain name levelupstaff.com or any other domain name containing the term "levelup" as a portion therein, Defendant shall transfer that domain in inactive status to Plaintiff within the earlier of 6 months after entry of this Order or at the time of the renewal of such domain name, and said domain shall not be used for any purposes

including for the purposes of redirection, and Defendant shall not sell, assign, license, otherwise convey or fail to maintain said domain;

5. Defendant is permanently enjoined from using the LEVELUP trademarks, and any confusingly similar variations and/or formatives thereof, including formatives of the designation LEVERUP and/or LEVELINGUP, in Defendant's website source code, keywords or search engine terms;

6. Defendant shall pay to Plaintiff the amount of Seven Thousand dollars ($7000) for reimbursement of the costs and attorney's fees in this action.

7. Within thirty days of the date of entry of this Order, Defendant shall provide Plaintiff with written affirmation that it has complied with this Order;

8. In the event of a violation of this Order, Plaintiff is entitled to seek an order of contempt from this Court, damages, attorney's fees, injunctive relief, and other available relief for any past or future violation of Plaintiff's trademark rights set forth herein;

9. Nothing in this Order shall limit or affect Plaintiff's right to seek additional damages, attorney's fees, permanent injunctive relief or other available relief for any future violation of its rights;

10. This action is henceforth discontinued against the Defendant with prejudice;

11. This court shall retain jurisdiction to enforce the terms of this Order as may be necessary;

12. The Clerk is directed to forward copies of this Order to all counsel of record and to enter judgment for the Plaintiff, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

| Plaintiff LevelUp HCS, LLC | Defendant, LevelUp Staff, Inc. |
|---|---|
| Dated: October 17, 2024 | Dated: October 15, 2024 |
| *Thomas L. Sica* | *[signature]* |
| Nicholas Mesiti, Esq.<br>Thomas L. Sica, Esq.<br>HESLIN ROTHENBERG FARLEY & MESITI P.C.<br>5 Columbia Circle<br>Albany, NY 12203<br>Telephone: (518) 452-5600<br>Facsimile: (518) 452-5579<br>Email: nick.mesiti@hrfmlaw.com<br>Email: thomas.sica@hrfmlaw.com | Michael Ash, President and CEO<br>LevelUp Staff, Inc.<br>6 Sheraton Dr<br>Lakewood, NJ 08701<br>Email: moishe91@gmail.com |

Attorneys for Plaintiff, LevelUp HCS, LLC

**IT IS SO ORDERED**

Dated: October 29, 2024

*Naomi Reice Buchwald*

Honorable Naomi Reice Buchwald
United States District Court Judge

(4)